**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Catherine C., a minor, by Connie Brown,<br><br>            Plaintiff,<br><br>vs.<br><br>Jo Anne B. Barnhart, Commissioner of the Social Security Administration,<br><br>            Defendant. | No. CV-05-1316-PHX-JAT<br><br>**ORDER** |

Pending before the Court are the Plaintiff's Motion for Summary Judgment and the Defendant's Cross-Motion for Summary Judgment. (Docs. 11, 18). The Court now rules on the motions.

I.   BACKGROUND

On July 24, 2000, the Plaintiff, Connie Brown, applied for disability insurance benefits on behalf of her minor child, Catherine Cutter, (the "Claimant"). The alleged disability onset date was January 10, 2000. The Plaintiff timely requested a hearing on February 22, 2001. The hearing was held on January 17, 2002. The hearing officer denied the Plaintiff's claim in a decision dated April 25, 2002. The Plaintiff requested review on May 14, 2002. On December 17, 2002, the Appeals Council denied review. The Plaintiff subsequently filed suit in Federal District Court appealing the April 25, 2002, denial of benefits.

On May 20, 2004, the Honorable Susan Bolton remanded the case for further administrative proceedings to develop the administrative record. The hearing officer was directed to obtain medical expert testimony from a qualified pediatrician or other specialist qualified to evaluate the case. The hearing officer was also ordered to obtain and consider any material testimony reasonably necessary to evaluate the combined effect of the Claimant's alleged impairments in light of the evidence as a whole.

On June 2, 2004, the Appeals Council vacated the April 25, 2002, unfavorable decision and remanded the matter for further proceedings consistent with the May 20, 2004, district court ruling.

On remand, a supplemental administrative hearing was held on October 21, 2004. John Kerr, M.D., a medical expert on contract with the Office of Hearings and Appeals, appeared telephonically. On January 3, 2005, the hearing officer issued a "partially favorable" decision finding that the Claimant was entitled to Children's Supplemental Security Income ("CSSI") benefits, but only for the period of July 24, 2000, through August 1, 2003.

The Plaintiff requested review of the January 3, 2005, decision. On June 20, 2005, the Appeals Council declined to review the determination. As a result, the hearing officer's January 3, 2005, decision became the final decision of the Commissioner of Social Security for purposes of judicial review.

On May 3, 2005, the Plaintiff filed a Complaint pursuant to 42 U.S.C.A § 405(g) (West 1997). The Complaint seeks judicial review of the Commissioner of Social Security's denial of benefits. On February 13, 2006, the Plaintiff filed a Motion for Summary Judgment. On May 19, 2006, the Defendant filed a Cross-Motion for Summary Judgment.

II.   LEGAL STANDARD AND ANALYSIS

Because the Social Security Act confines the scope of judicial review to evidence within the administrative record, the Court will treat the Plaintiff's Motion for Summary Judgment as a motion for reversal of the Commissioner's decision and the Defendant's

1  Cross-Motion for Summary Judgment as a motion for affirmance. 42 U.S.C.A § 405;
2  *Higgins v. Shalala*, 876 F. Supp. 1224, 1226 (D. Utah 1994) (collecting cases and discussing
3  the appropriate treatment of summary judgment motions requesting review of administrative
4  decisions). Concerning such motions, the appropriate standard of review is whether the
5  hearing officer's findings of fact are supported by substantial evidence and whether the
6  denial of benefits was free from legal error. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.
7  1996); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

8        Substantial evidence is relevant evidence that a reasonable mind "might accept as
9  adequate to support a conclusion." *Smolen*, 80 F.3d at 1457 (quoting *Richardson v. Perales*,
10 402 U.S. 389, 401 (1971)); *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989) (internal
11 quotation omitted). To determine whether an administrative decision is supported by
12 substantial evidence, the reviewing court must "review the administrative record as a whole,
13 weighing both the evidence that supports and detracts from the [hearing officer]'s
14 conclusion." *Magallanes,* 881 F.2d at 750 (internal citations omitted). If the evidence can
15 support either affirming or reversing the hearing officer's decision, the court must uphold the
16 decision. *Moncada v. Chater,* 60 F.3d 521, 523 (9th Cir. 1995). Reviewing courts cannot
17 accept post-hoc rationalizations for agency action. *See, e.g., NLRB v. Metro. Life Ins. Co.,*
18 380 U.S. 438, 441, 85 S.Ct. 1061, 1063 (1965); *Pinto v. Massanari,* 249 F.3d 840, 847 (9th
19 Cir. 2001). Thus, the decision must be upheld, if at all, on the grounds articulated in the
20 order by the hearing officer. *Pinto,* 249 F.3d at 847.

21       A child is entitled to CSSI benefits if his impairment is as severe as one that would
22 prevent an adult from working. 42 U.S.C.A. § 1614(a)(3)(A & B), *as amended*, 42 U.S.C.A.
23 § 1382c(a)(3)(A & B) (West 1993); *Sullivan v. Zebley,* 493 U.S. 521, 529, 110 S.Ct. 885, 890
24 (1990). The test for determining whether a child claimant is disabled is a three-step
25 sequential evaluation process that is an abbreviated version of the adult test. 20 C.F.R. §
26 416.924 (2004). A child will qualify for SSI benefits if: (1) the child is not engaged in
27 substantial gainful activity; (2) the child has a medically determinable severe impairment;
28

1  and (3) the impairment meets, medically equals, or functionally equals the severity of an
2  impairment listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1, and that impairment meets the
3  durational requirement, 20 C.F.R. § 416.924(b)(1) (2004).

4        The hearing officer in this case concluded that the medical evidence established that
5  the Claimant had the following severe impairment: (1) diabetes mellitus with episodes of
6  recurrent otitis media. (Tr. 260). The hearing officer concluded that the impairment met the
7  definition of a disability during the period of January 10, 2000, through July 31, 2003. *Id.*
8  However, the hearing officer held that due to medical improvement, after July 31, 2003, the
9  Claimant's diabetes no longer meets or equals a listed impairment. *Id.* Further, the hearing
10 officer found that the Claimant does not have a severe mental impairment. *Id.*

11       The Plaintiff argues that with respect to the claimed psychological and psychiatric
12 impairments, the hearing officer improperly accepted a Global Assessment of Functioning
13 ("GAF") rating of 60 by Dr. Kerr, a non-psychiatrist, while rejecting a much lower GAF
14 rating of 42 by a qualified evaluating psychiatrist, Dr. Buckner. As a result, the Plaintiff
15 argues, the hearing officer's findings are insufficient to support his conclusion that the
16 Claimant is not disabled.

17       A.    Juvenile Diabetes

18       The Plaintiff argues that with respect to the Claimant's disability resulting from
19 juvenile diabetes mellitus, the hearing officer improperly discounted the blood sugar journals
20 kept by the Claimant's mother which demonstrated recent and recurring episodes of
21 hypoglycemia.

22       To justify his denial of benefits, the hearing officer must adequately support his
23 determination that the Claimant's condition does not meet or medically equal the applicable
24 listing. 20 C.F.R. § 416.926(a) (2004); *Monroe v. Barnhart,* 2006 WL 839367, 6 (D. Del.
25 2006). The hearing officer acknowledged that the medical expert in this case testified that
26 the claimant has type I brittle diabetes. (Tr. 261). The listing of impairments is set forth in
27 20 C.F.R. Pt. 404, Subpt. P, App. 1. The listing for juvenile diabetes states:

28

- 4 -

> 109.08 Juvenile diabetes mellitus (as documented in 109.00C)[1] requiring parenteral insulin. **And one of the following**, **despite prescribed therapy**:
>
> > A. Recent, recurrent hospitalizations with acidosis; or
> > B. **Recent, recurrent episodes of hypoglycemia**; or
> > C. Growth retardation as described under the criteria in 100.02 A or B; or
> > D. Impaired renal function as described under the criteria in 106.00ff.

(emphasis added).

The Claimant in this case has "difficult to control" insulin dependant juvenile diabetes. (Tr. 261). Thus, in order to be entitled to benefits, the Claimant only had to show that she experienced *one* of the criteria set forth in subsections A through D, despite prescribed therapy. If the evidence in record establishes, as the Plaintiff contends, that the Claimant experienced "recent, recurrent episodes of hypoglycemia," despite prescribed treatment, the Claimant's medical condition meets or equals listing 109.08 and she is entitled to an award of benefits.

The hearing officer found that "the claimant has a history of treatment for Insulin dependant diabetes mellitus with episodes of hyperglycemia and hypoglycemia" and that the Claimant underwent treatment for "recurrent otitis media during the time period beginning January 10, 2000, through July 31, 2003." (Tr. 260). These findings formed the basis of the hearing officer's conclusion that the Claimant was disabled during the time period from January 10, 2000, through July 31, 2003. (Tr. 262).

---

[1] The documentation required by 109.00C is as follows:
> Documentation. Description of characteristic history, physical findings, and diagnostic laboratory data must be included. Results of laboratory tests will be considered abnormal if outside the normal range or greater than two standard deviations from the mean of the testing laboratory. Reports in the file should contain the information provided by the testing laboratory as to their normal values for that test.

- 5 -

1       The Social Security Commission's medical expert, Dr. Kerr, agreed that a reading

2 below 70 mg/dl constitutes an "episode of hypoglycemia." The Plaintiff in this case provided

3 the hearing officer with a journal of the Claimant's daily blood sugar levels.  (Tr. 575).

4 According to the journal, the Claimant experienced 30 episodes of blood sugar levels at or

5 below 50 mg/dl, and another 116 episodes of blood sugar levels at or below 70 mg/dl

6 between August 1, 2003, and September 16, 2004.  (Tr. 490-93, 494-98, 500, 502, 504-07,

7 509-10, 512-13, 515-28, 531-38, 540, 542-43, 548, 551, 553).   Thus, the Claimant

8 experienced a total of 146 hypoglycemic episodes during this same time frame.  (Tr. 490-93,

9 494-98, 500, 502, 504-07, 509-10, 512-13, 515-28, 531-38, 540, 542-43, 548, 551, 553).

10 This meets the listing's requirement that the Claimant experience "recent, recurring episodes

11 of hypoglycemia."

12       The medical expert testified that the Claimant did not meet or equal the listing for

13 juvenile diabetes because she did not experience complications related to her episodes of

14 hypoglycemia and hyperglycemia.  (Tr. 262).  The hearing officer properly rejected this

15 conclusion after noting that 109.08 **does not** require evidence of complications.  *Id.*

16       Nevertheless, the hearing officer found, without citing to any medical evidence or

17 testimony, that the "claimant has experienced significant improvement since July 31, 2003."

18 *Id.*  The hearing officer's holding relies exclusively on the fact that there are no medical

19 records that show that the Claimant has low blood sugar readings. Specifically, the hearing

20 officer states:

21     no medical practitioner or provider mentions findings indicating that the claimant has a listing level or equivalent impairment after July 31, 2003.
22     Therefore, based on the totality of the evidence, and with particular emphasis on the ongoing medical evidence, the undersigned finds the claimant's diabetes
23     mellitus does not meet or medically equal the criteria of a specific impairment as published in the Childhood listings, with particular consideration of Listing
24     109.08B...

25 *Id.*

26       In fact, there is evidence to the contrary, the blood sugar journal kept by the

27 Claimant's mother. Because minors are often unable to unable to adequately describe their

28

- 6 -

1  symptoms, a hearing officer is directed to accept as a statement of these symptoms the
2  "description given by the person most familiar with the individual, such as a parent, other
3  relative, or guardian." 20 C.F.R. § 416.928(a).  In this case, the Plaintiff is the Claimant's
4  primary care-giver and her testimony, including her journal of the Claimant's blood sugar
5  levels, comprised a significant portion of the record created at the administrative hearing.

6  Ultimately, the hearing officer must consider the extent to which Claimant's alleged
7  symptoms, as described at the hearing, can reasonably be accepted as consistent with
8  objective medical and other evidence.  20 C.F.R. §§ 404.1529, 416.929.  However, the
9  medical expert testified that the Plaintiff did a good job taking records and even stated that
10 "I should compliment the mother on the records. She has done an excellent job in taking care
11 of this child and recording her medication and recording her blood sugar findings..." (Tr.
12 572). When asked by the hearing officer if there are any conflicts with the medical evidence
13 in record, Dr. Kerr stated "no." (Tr. 572).

14 The hearing officer did not discredit the Plaintiff's testimony, or her journal of the
15 Claimant's blood sugar levels. In fact, the journal was applauded by the expert as extremely
16 well kept.  Moreover, the medical records reflect only the brief period of time when the
17 Claimant was hospitalized. The journal, which has already been accepted by the expert and
18 the hearing officer as reliable evidence in this case, provides a daily picture of the Claimant's
19 blood sugar levels over a much longer and highly relevant period of time.

20 The journal reflects that the Claimant experienced over 146 hypoglycemic episodes
21 during the 12-month period after July 31, 2003 – the date that the hearing officer determined
22 that the Claimant no longer met listing 109.08B. (Tr. 490-93, 494-98, 500, 502, 504-07, 509-
23 10, 512-13, 515-28, 531-38, 540, 542-43, 548, 551, 553).  The hearing officer's findings of
24 facts are not supported by the evidence. Likewise, the Court finds that the hearing officer's
25 holding that the Claimant failed to meet or equal a listed impairment due to medical
26 improvement after July 31, 2003, is not free from legal error. The Court, therefore, reverses
27 and vacates that portion of the January 3, 2005, decision of the Commissioner of Social
28

1  Security.

2  To the extent that it is inconsistent with this opinion, the hearing officer's January 3,
3  2005, opinion is vacated. This case is remanded for payment of benefits.

4  Despite the Defendant's contention, this Court need not engage in a functional
5  equivalency analysis. The Court has determined that the evidence in record establishes that
6  the Claimant experienced "recent, recurrent episodes of hypoglycemia," despite prescribed
7  treatment. Thus, the Claimant's medical condition meets or equals 109.08. The Claimant
8  has already met her burden of showing that she has a listed impairment. She is not also
9  required to show that she has other conditions that are the functional equivalent of a listed
10 impairment. The Claimant in this case is entitled to an award of benefits. No further analysis
11 is necessary. Alternatively, the Court finds as follows.

12       B.       Other Alleged Impairments

13 The Plaintiff argues that the hearing officer made the same mistake at the hearing on
14 remand that it did at the initial hearing. Specifically, the Plaintiff contends that the hearing
15 officer failed to obtain a report from an expert that was qualified to analyze the significance
16 of the Claimant's psychological difficulties.

17 The Plaintiff contends that with respect to the claimed psychological and psychiatric
18 impairments, the hearing officer improperly accepted a GAF rating of 60 by Dr. Kerr, a
19 pediatrician appointed by the Commission, while rejecting a much lower GAF rating of 42
20 by the Claimant's evaluating psychiatrist, Dr. Buckner. As a result, the Plaintiff argues, the
21 hearing officer's findings are insufficient to support his conclusion that the Claimant is not
22 disabled.

23 The Court agrees. The hearing officer engages in a lengthy discussion of some the
24 evidence, including evidence provided by the Claimant's teachers and Dr. Kerr, the
25 pediatrician assigned by the Commission to evaluate the Claimant. However, the hearing
26 officer completely fails to discuss the low 42 GAF score assigned to the Claimant by her
27 psychiatrist, Dr. Buckner. The scores differ by at least 20 points, and yet the hearing officer

28
- 8 -

1 ignores the psychiatrist's much lower GAF rating. Although the issues being scored were
2 psychological or psychiatric in nature, the hearing officer provides no explanation as to why
3 the score assigned by the pediatrician was accepted over the score given by the psychiatrist.

4 Because the hearing officer did not discuss the 42 GAF score at all, or Dr. Buckner's
5 evaluation in any meaningful detail, it is impossible for this Court to determine whether the
6 hearing officer considered the entirety of Dr. Buckner's evaluation and found legitimate
7 reasons to discredit portions of the evidence, or perhaps failed to consider the 42 GAF score
8 altogether.

9 Given the above considerations, the Court vacates the hearing officer's January 3,
10 2005, denial of benefits based on a finding that the Claimant is not mentally impaired for the
11 reason that it is not supported by substantial evidence and is not free from legal error.
12 Ordinarily, the Court would remand this case for further proceedings with respect to her
13 alleged mental impairment. However, because the Court has already determined that the
14 Claimant is disabled due to her diabetes mellitus and entitled to an award of benefits, it
15 would cause unnecessary delay to require the hearing officer to write another reasoned
16 opinion in this matter regarding the Claimant's possible mental impairments.

17 Accordingly, this case is remanded solely for the payment of benefits.
18 / / /

1  IT IS ORDERED GRANTING the Plaintiff's Motion for Summary Judgment (doc. 11).

2  IT IS FURTHER ORDERED DENYING the Defendant's Cross-Motion for Summary-Judgment (doc. 18).

3  IT IS FURTHER ORDERED the Commissioner of Social Security's denial of benefits is OVERRULED.

4  IT IS FURTHER ORDERED to the limited extent that it is inconsistent with this opinion, the hearing officer's January 3, 2005, opinion is VACATED.

5  IT IS FURTHER ORDERED this case is REMANDED for payment of benefits.

DATED this 24th day of August, 2006.

James A. Teilborg
United States District Judge